No. 23-55210

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

**SOFIA JOHNSON**,
*Plaintiff-Appellant,*

v.

**UNITED STATES OF AMERICA**,
*Defendant-Appellee.*

Appeal from the United States District Court
Central District of California
No. 5:21-cv-01878 JGB

---

**APPELLEE'S ANSWERING BRIEF**

---

E. MARTIN ESTRADA
*United States Attorney*
DAVID M. HARRIS
*Assistant United States Attorney*
*Chief, Civil Division*
CHRISTINA MARQUEZ
*Assistant United States Attorney*
Federal Building
300 N. Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-4061
E-mail: Christina.Marquez@usdoj.gov

Attorneys for Defendant-Appellee
United States of America

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ....................................................................................1

II.    COUNTER-STATEMENT OF THE ISSUES ...................................2

III.   STATEMENT OF JURISDICTION ....................................................2

IV.    STATEMENT OF THE CASE ..............................................................3

    A.     Course of Proceedings Below ..................................................3

    B.     Background and Statement of Allegations ............................4

        1.     Johnson's Family History .................................................4

        2.     Johnson's Immigration History and Illegal
             Reentry Convictions.........................................................5

        3.     Johnson's Federal Criminal History and
             Subsequent Immigration Proceedings...........................7

V.     STANDARD OF REVIEW ...............................................................11

VI.    SUMMARY OF THE ARGUMENT..................................................11

VII.   ARGUMENT........................................................................................13

    A.     The District Court Correctly Concluded that Johnson's
        FTCA Claims are Time-Barred .............................................13

    B.     Johnson's Claims are Independently Barred by the
        Discretionary Function Exception to the FTCA ..................17

VIII.  CONCLUSION ...................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Alfrey v. United States,*
276 F.3d 557 (9th Cir. 2002) ........................................................ 17, 19

*Arteaga-Ruiz v. United States,*
164 F. Supp 3d. 1198 (D. Idaho 2016) aff'd, 705 F. App'x 597
(9th Cir. 2017) ................................................................ 19, 20, 21, 22

*Bailey v. United States,*
623 F.3d 855 (9th Cir. 2010) ............................................................. 18

*Blair v. I.R.S.,*
304 F.3d 861 (9th Cir. 2002) ............................................................. 13

*Butler v. Nat'l Cmty. Renaissance Cal.,*
766 F.3d 1191 (9th Cir. 2014) ........................................................... 11

*Gen. Dynamics Corp. v. United States,*
139 F.3d 1280 (9th Cir. 1998) ........................................................... 20

*Gonzalez v. United States,*
814 F.3d 1022 (9th Cir. 2016) ................................................ 17, 20, 22

*Heck v. Humphrey,*
512 U.S. 477 (1994) ........................................................................... 15

*Johnson v. Henderson,*
314 F.3d 409 (9th Cir. 2000) ....................................................... 11, 16

*Jones v. Blanas,*
393 F.3d 918 (9th Cir. 2004) ............................................................. 11

*Leorna v. U.S. Dept. State,*
105 F.3d 548 (9th Cir. 1997) ............................................................. 16

*Morales v. United States,*
  2018 WL 3400603 (9th Cir. July 13, 2018) ........................................ 17

*Sabow v. United States,*
  93 F.3d 1445 (9th Cir. Sept. 26, 1996) ............................................ 17

*U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall,*
  355 F.3d 1140 (9th Cir. 2004) ...................................................... 11

*United States v. Wong,*
  575 U.S. 402 (2015) ............................................................ 13, 14

*Wallace v. Kato,*
  549 U.S. 384 (2007) ................................................................ 13

**Statutes**

8 U.S.C. § 1326 .................................................................. 7, 8, 9
8 U.S.C. § 1357(a)(2) ............................................................ 21, 22
28 U.S.C. § 1291 ...................................................................... 2
28 U.S.C. § 1331 ...................................................................... 2
28 U.S.C. § 1346 ...................................................................... 2
28 U.S.C. § 2401(b) .................................................................. 13
28 U.S.C. § 2675(a) .................................................................. 13
28 U.S.C. § 2680(a) .................................................................. 17

**Rules**

Fed. R. App. P. 4(a)(1)(B) .................................................... 2, 5, 6, 7

## I. INTRODUCTION

Appellant Sofia Johnson initiated this action against the United States in November 2021, alleging various torts based on the investigation and adjudication of her immigration status, various periods of detention, and removals from the United States over a span of two decades beginning approximately 27 years ago, in 1996. After affording Johnson leave to amend, the district court concluded that her claims were time-barred, that she was not entitled to equitable tolling, and that her First Amended Complaint (FAC) should thus be dismissed with prejudice.

The district court properly concluded that Johnson's decades-old claims were time-barred and that she was not entitled to equitable tolling. Specifically, despite finding that Johnson's numerous deportations and cumulative time of imprisonment constituted extraordinary circumstances, the court aptly reasoned that Johnson failed to offer any reason for her failure to timely submit an administrative tort claim even after she had retained counsel, was physically present in the United States, and was without any legal disability. And while the court did not reach the question of whether it

lacked subject matter jurisdiction over Johnson's FAC based on the FTCA's discretionary function exception given its finding that each of her claims were untimely, her claims were independently subject to dismissal for this reason as well. Accordingly, this Court should affirm the dismissal of the FAC in its entirety.

## II.   COUNTER-STATEMENT OF THE ISSUES

1.   Whether Johnson's FTCA claims arising from a series of events that began approximately 27 years ago were properly dismissed as untimely.

2.   Whether Johnson's claims independently fail for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA.

## III.   STATEMENT OF JURISDICTION

The statutory basis for jurisdiction in the district court is 28 U.S.C. § 1331 and 28 U.S.C. § 1346. The statutory basis for jurisdiction in this Court is 28 U.S.C. § 1291.

On January 4, 2023, the district court entered its order granting Defendant's Motion to Dismiss the FAC without leave to amend. CR 49; 1-ER-2-8. Johnson filed her Notice of Appeal on March 5, 2023. CR 50; 2-ER-262-273. Thus, the appeal is timely. Fed. R. App. P. 4(a)(1)(B).

## IV.  STATEMENT OF THE CASE

### A.    Course of Proceedings Below

In November 2021, Johnson filed her action in district court. CR 1; 2-ER-223-261. The United States moved to dismiss, primarily arguing that all of Johnson's claims were untimely and were independently barred by the discretionary function exception to the Federal Tort Claims Act. CR 27; 2-ER-189-222. In September 2022, the district court issued an order dismissing the Complaint with leave to amend after concluding that Johnson's claims were time barred and that equitable tolling did not apply. CR 42; 1-ER-9-20.

On September 30, 2022, Johnson filed her operative FAC which included all the claims set forth in the original Complaint with additional allegations purporting to establish an entitlement to equitable tolling. CR 43; 2-ER-100-129. The United States again moved to dismiss, CR 44; 2-ER-65-99, and on January 4, 2023, the district court dismissed the FAC with prejudice. Specifically, the court found that because Johnson failed to establish an entitlement to equitable tolling, her claims were time-barred. CR 49; 1-ER-2-8.

## B.     Background and Statement of Allegations

### 1.     Johnson's Family History

Johnson was born in Mexico on March 1, 1962, and entered the United States on November 1, 1963. CR 43; 2-ER-105. Johnson's entry documents reflect that she entered the United States with her mother Sofia Acevedo (Ms. Acevedo) who was intending to join her husband Alvin Adam Johnson (Mr. Johnson). CR 43; 2-ER-106. According to Johnson, Mr. Johnson was her biological father and a U.S. citizen. CR 43; 2-ER-105-106. However, Mr. Johnson is not named as Johnson's father on her birth certificate and Johnson's Form FS-510 Application for Immigrant Visa states that her permanent address is the same as her "stepfather's."[1] CR 43; SER 93-95, 97-100. Additionally, in the accompanying medical examination, Johnson is crossed out as her last name. CR 43; SER 98. Ms. Acevedo and Mr. Johnson divorced in 1967, and the divorce decree confirms that one child – one *Ida* Johnson – was born of their marriage. CR 44-2; SER 12, 16-18. It notably does not

---

[1] The FS-510 was the form Application for Immigrant Visa formerly used by the U.S. Department of State. It is the equivalent of the DS-260, Immigration Visa and Alien Registration Application today. Johnson incorrectly states that her form FS-510 refers to her as Mr. Johnson's "natural daughter." SER 99-100.

mention Sofia Johnson. *Id*. Additionally, a newspaper article regarding the car accident that killed Mr. Johnson states that he had two children – Ida Johnson and Tressa Johnson – but again makes no mention of Sofia Johnson. CR 44-2; SER 12, 19.

### 2. Johnson's Immigration History and Illegal Reentry Convictions

On April 20, 1994, Johnson was convicted of two counts of possession of a controlled substance and was sentenced to sixteen months in prison. CR 43; 2-ER-109. As a result of these convictions, she was issued an Order to Show Cause (OSC) dated October 19, 1994, which charged her as deportable for having been convicted of a controlled substance offense under former Immigration and Nationality Act Section 241(a)(2)(B)(i). CR 44, 44-2; 2-ER-80; SER 12, 20-23. Moreover, a Form I-213, Record of Deportable Alien dated October 20, 1994, listed both of Ms. Johnson's parents as Mexican Nationals. CR 44-2; SER 12-13, 24. At a bond hearing on January 18, 1995, which Johnson's mother attended, the Judge noted on the bond order that Johnson has been a lawful permanent resident since 1964. CR 44-2; SER 13, 25. Johnson had her first immigration removal hearing on September 5, 1995, and asked for additional time to get an attorney. CR

43; 2-ER-109. On October 18, 1995, she violated the terms of her parole and was again imprisoned. *Id*. On October 24, 1995, Johnson was ordered removed in absentia, CR 43; 2-ER-109-110, and on May 21, 1996, she was deported to Mexico. CR 43; 2-ER-110.

On September 17, 1996, Johnson was issued a second OSC charging her with an illegal reentry on May 25, 1996. CR 44, 44-2; 2-ER-80; SER 13, 26-30. The Form I-213 dated September 16, 1996, again listed Johnson's father as a Mexican national. CR 44-2; SER 13, 31. Johnson was deported to Mexico on or about September 23, 1996. CR 43; 2-ER-110.

Johnson reentered the United States sometime after her removal in 1996 and was encountered by immigration officers in criminal custody. CR 44; 2-ER-80. A new Form I-213 dated September 25, 1997 indicated that Johnson never knew her father. CR 44-2; SER 13, 33. She was deported again on December 17, 1997. CR 43; 2-ER-110-111. That same day, she attempted entry at the San Ysidro Port of Entry claiming to be a U.S. citizen born in Van Nuys, California. CR 44-2; SER 13, 34-37. When Immigration and Naturalization Service inspectors discovered her immigration history, Johnson admitted in an

interview that she was a Mexican citizen, not a U.S. citizen, and that her father died when she was four and she did not know what his status was. CR 44-2; SER 13, 34-36. She also stated that "I was deported yesterday from the Women's Detention facility. It was a voluntary departure. I was deported because I am not a United States citizen." *Id*. Based on this admission, Johnson received an expedited removal to Mexico on December 18, 1997. CR 44-2; SER 13, 37.

### 3. Johnson's Federal Criminal History and Subsequent Immigration Proceedings

Johnson again attempted to reenter the United States on December 19, 1997. CR 44; 2-ER-81. She told the Immigration Inspector that "she was born in Los Angeles, California" and provided a counterfeit Social Security card. CR 44-2; SER 13-14, 42. Ms. Johnson was charged with illegal reentry in violation of 8 U.S.C. § 1326. *See United States v. Johnson*, Magistrate Case No. 97MG3092 (S.D. Cal. Dec. 22, 1997). On February 27, 1998, following the dismissal of her criminal case, Johnson was served with a Notice to Appear that charged her as inadmissible to the United States for having falsely represented herself as being a U.S. citizen, for not being in possession of valid admission documents, and for seeking admission within five years of a

prior removal order. CR 44-2; SER 14, 43-44. On March 6, 1998, she was ordered removed, waived appeal, and was deported. CR 43, 44-2; 2-ER-111; SER 14, 45. On May 22, 1999, Johnson was again removed after once again illegally entering the United States. CR 43; 2-ER-111.

In 2000, Johnson was charged with Illegally Reentry in violation of 8 U.S.C. § 1326. *See United States v. Acevedo-Johnson*, No. 00-cr-655 (C.D. Cal. June 1, 2000). Johnson pleaded guilty to that charge, and on October 24, 2000, she was sentenced to 77 months in prison. CR 43; 2-ER-111-112. According to the Presentence Report, Johnson never met her father, did not know his name, and Mr. Johnson was Johnson's stepfather who never formally adopted her. CR 44-2; SER 14, 67-68. Following her imprisonment for illegal reentry, she was deported on or about January 7, 2006. CR 43; 2-ER-111-112.

On February 12, 2008, the District Court for the Central District of California revoked Johnson's two-years of supervised release and ordered confinement for another 24 months. *See United States v. Acevedo-Johnson*, No. 00-cr-655, ECF No. 44, (C.D. Cal. Feb.12, 2008). In another sworn statement dated June 25, 2009, Johnson again acknowledged Mr. Johnson as her stepfather. CR 44-2; SER 14, 76.

Following her completion of this sentence, she was removed on or about October 13, 2009. CR 43; 2-ER-111.

On December 15, 2009, Johnson applied for entry into the United States from Mexico through the San Ysidro Port of Entry. CR 44-2; 14, 80-83. She stated that she was born in California. *Id*. Johnson was paroled into the United States and booked into the Metropolitan Correctional Center (MCC) pending criminal arraignment for yet another violation of 8 U.S.C. § 1326. *Id*. Specifically, she was charged with attempted entry after deportation under 8 U.S.C. § 1326. CR 43; 2-ER-112; *United States v. Johnson*, No. 10-cr-00134 (S.D. Cal. Dec.16, 2009)). She was also charged in a related case with making a false claim of U.S. citizenship and making a false statement. CR 43; 2-ER-112; *see also United States v. Johnson*, No. 10-cr-0408 (S.D. Cal. Feb.10, 2010)). According to Johnson, on February 4, 2010, her criminal defense attorney sent a letter to the assigned Assistant United States Attorney indicating that Johnson may be a U.S. citizen. CR 43; 2-ER-112. On August 16, 2010, Johnson pleaded guilty to having falsely stated that she was born in the United States and was sentenced to time served. *Id*. Since she was sentenced to time served, she was released on August 16,

2010, and removed that same day. CR 43; 2-ER-111. Even at the time of this removal on August 16, 2010, Johnson still claimed to be a Mexican citizen. CR 44-2; SER 14, 84-87. She remained in Mexico until June 14, 2016. CR 43; 2-ER-103, 118-119.

On May 10, 2016, the Immigration Court granted a Joint Motion to Reopen and Dismiss all removal proceedings relating to Johnson based on evidence of derivative citizenship. CR 43; 2-ER-118. Although the derivative citizenship analysis appeared to be based on a presumption that Mr. Johnson was Johnson's biological father, there was nothing included in the Request for Joint Motion to Reopen conclusively establishing the biological relationship between her and Mr. Johnson. CR 44-2; SER 15, 88-91.

On June 14, 2016, Johnson was issued a United States passport at the United States Consulate in Tijuana, Mexico. CR 43; 2-ER-118-119. That same day, she reentered the United States. *Id*. On May 17, 2018, the Department of Homeland Security received her administrative tort claims. CR 44; 2-ER-84-85.

## V.    STANDARD OF REVIEW

A district court's dismissal based on statute of limitations grounds is reviewed *de novo*. *See Butler v. Nat'l Cmty. Renaissance Cal.*, 766 F.3d 1191, 1194 (9th Cir. 2014). The district court's decision to apply equitable tolling is reviewed for abuse of discretion. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004); *see also Johnson v. Henderson*, 314 F.3d 409, 413-414 (9th Cir. 2000). This Court may affirm on any ground supported by the record, even if not relied upon by the district court. *U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004).

## VI.    SUMMARY OF THE ARGUMENT

The district court correctly concluded that Johnson's claims are time-barred based on the FTCA's statute of limitations, and that Johnson did not establish an entitlement to equitable tolling. On appeal, Johnson's only argument is premised on a misunderstanding of the district court's dismissal order. Specifically, Johnson contends that the district court found that her claims were equitably tolled up until the day she was issued a U.S. passport on June 14, 2016, and that she therefore had until June 14, 2018, to file an administrative claim. Johnson is incorrect.

Contrary to Johnson's contention, the district court held that Johnson was *not* entitled to equitable tolling *at all*. Instead, the district court found that her false arrest/imprisonment and intentional infliction of emotional distress (IIED) claims accrued on August 16, 2010, and that her malicious prosecution and negligence claims accrued on May 10, 2016. Therefore, absent equitable tolling, Johnson had until August 16, 2012 and May 10, 2018, respectively, to submit her administrative tort claims. But given that she did not file her administrative claim until May 17, 2018, more than two years after the last opportunity to do so regarding her malicious prosecution and negligence claims, the district court rightly concluded that Johnson's claims were time-barred absent equitable tolling. Ultimately, the court concluded that Johnson was not entitled to tolling because she failed to explain why she was unable to timely file her administrative claim even after she had retained counsel, was present in the United States, and was without legal disability.

Finally, even if filed timely (they were not), Johnson's claims were independently subject to dismissal for lack of subject matter jurisdiction. Although the district court did not reach this question

given its conclusion that Johnson's claims were time-barred, this Court may also affirm the dismissal of the FAC on the alternative grounds that each of Johnson's claims are barred by the discretionary function exception to the FTCA. Indeed, the decisions to investigate Johnson, adjudicate her immigration status, and initiate removal proceedings involve matters of discretion that are susceptible to policy analysis. For these reasons and the reasons set forth below, the dismissal of Johnson's FAC must be affirmed.

## VII. ARGUMENT

### A. The District Court Correctly Concluded that Johnson's FTCA Claims are Time-Barred

Before filing suit pursuant to the FTCA, a plaintiff must present her claims to the appropriate federal agency. 28 U.S.C. § 2675(a); *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002). Specifically, FTCA claims "shall be forever barred" unless they are presented to the appropriate agency within two years of accrual. 28 U.S.C. § 2401(b). Federal law determines when a claim accrues and when the applicable limitations period begins to run. *See Wallace v. Kato*, 549 U.S. at 388. Although the FTCA's two-year statute of limitations is "subject to equitable tolling," *United States v. Wong*, 575 U.S. 402, 420 (2015), Johnson had the

burden of establishing: (1) that she pursued her rights diligently, and (2) that some extraordinary circumstances stood in her way. *Kwai Fun Wong v. Beebe*, 732 F.3d 10303, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015). As the district court correctly found, she failed to do so.

Johnson filed her administrative tort claim on May 17, 2018.[2] 1-ER-6. Therefore, any claims that accrued prior to May 17, 2016 were untimely absent equitable tolling. On appeal, Johnson appears to contend that the district court found that she *had* established equitable tolling up until the day she was issued a U.S. passport on June 14, 2016, and that she therefore had until June 14, 2018 to file her administrative claim. AOB at 19. Johnson is incorrect.

In addition to finding that Johnson's original complaint failed to allege facts sufficient to justify equitable tolling, 1-ER-9-20, the district

---

[2] Johnson's contention that her claims were exhausted on May 14, 2018 is incorrect. The district court correctly concluded that her "claims were not 'presented' until they were received by the government on May 17, 2018." 1-ER-6. This is supported by Johnson's own admission in the Complaint filed in a previous case involving the same allegations that the DHS did not receive her claim until May 17, 2018. *See Johnson v. United States*, Case No. 2:20-cv-04350, ECF No.1, ¶ 11 (C.D. Cal. May 13, 2020). This case was dismissed to allow the parties to resolve the case administratively.

court stated multiple times in its order dismissing the FAC that equitable tolling did not apply. CR 49; 1-ER-7-8 ("This Court previously held that Ms. Johnson's claims are time-barred and equitable tolling does not apply," "Ms. Johnson bears the burden of establishing tolling, which she has not done," "[T]he Court once again finds equitable tolling does not apply," "The Court reiterates that equitable tolling does not apply to Ms. Johnson's claims, however unfortunate her circumstances."). Accordingly, the basis for Johnson's contention that the district court found that she was entitled to tolling up until the issuance of her U.S. passport is entirely unclear. Regardless, the district court did not abuse its discretion in concluding that Johnson was not entitled to equitable tolling.

First, Johnson admits that she retained counsel in 2015. CR 43; 2-ER-102. Her counsel ultimately succeeded in reopening her prior immigration court cases and having her removal proceedings terminated on May 10, 2016, based on evidence of derivative citizenship. CR 43; 2-ER-118. The district court found that her

malicious prosecution and negligence[3] causes of action accrued on this date, given that Johnson's removal proceedings were dismissed. 1-ER-17-18. However, the district court correctly reasoned that Johnson did not provide any explanation as to why her counsel could not timely file her administrative claim within the two-year period following the termination of her removal proceedings, and that she therefore could not establish equitable tolling. The district court's conclusion is consistent with this Court's instruction that "once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with construction knowledge of the law's requirements." *See Johnson*, 314 F.3d at 414; *see also Leorna v. U.S. Dept. State*, 105 F.3d 548, 551 (9th Cir. 1997) (same).

As to Johnson's allegations of false arrest/imprisonment and IIED, the district court found that those claims accrued around August 2010. CR 42, 49; 1-ER-7, 17-18, but even if Johnson could establish equitable

---

[3] The district court applied *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) in determining when Johnson's negligence claim accrued. Although not at issue in this appeal, the United States disagrees that *Heck* applies given that Johnson did not allege that any of her criminal matters for illegal re-entry or false claims of U.S. citizenship terminated in her favor.

tolling after August 2010, tolling ceased at the very latest once she retained counsel in 2015. Therefore, at latest, Johnson had until 2017 to file an administrative claim related to her false arrest/imprisonment and IIED claims. Because she unquestionably failed to do so, this Court should affirm the dismissal of her FAC.

### B. Johnson's Claims are Independently Barred by the Discretionary Function Exception to the FTCA

Although the district court did not reach this question given its finding that Johnson's claims are time-barred (and this Court need go no further to affirm), Johnson's FAC was independently subject to dismissal based on the discretionary function exception to the FTCA. Indeed, each of Johnson's claims are premised on decisions for which there are no mandated courses of action, and which plainly implicate considerations of public policy. Accordingly, even if Johnson had timely brought her claims (she did not), they nevertheless would have been subject to dismissal for lack of subject matter jurisdiction.

Under the FTCA, there is no waiver of sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function … whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "This exception prevents

judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gonzalez v. United States*, 814 F.3d 1022, 1027 (9th Cir. 2016) (internal quotation and alteration marks omitted); *Morales v. United States*, 2018 WL 3400603, at *4-5 (9th Cir. July 13, 2018). "[The court] lack[s] jurisdiction over any claim to which the discretionary-function exception applies." *Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir. 2002); *see Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir.), as amended, (Sept. 26, 1996) ("Where the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists.").

"The Supreme Court has created a two-step test for courts that governs the applicability of this exception." *Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010), *cert. denied*, 565 U.S. 1079 (2011). First, "[a]n agency does not retain discretion whether to act where a statute or policy directs mandatory and specific action and the agency has no lawful option but to adhere to the directive." *Id.* Second, "[o]nly discretionary decisions that are susceptible to public policy analysis confer immunity on the government under the FTCA; [t]he challenged

decision need not be actually grounded in policy considerations." *Id*. at 861 (internal quotation marks omitted).

Johnson's claims for false arrest/imprisonment, negligence, intentional infliction of emotional distress, and malicious prosecution rest entirely on allegations regarding the investigation and adjudication of her immigration status, periods of detention, and removals from the United States. CR 43; 2-ER-121-128. Such claims are barred by the discretionary function exception to the FTCA.

With respect to the first prong, Johnson failed to identify any applicable statute, regulation, rule, or policy that prescribed or mandated any specific course of conduct by the INS, ICE, or CBP in investigating her immigration status and placing her into immigration proceedings, which in turn resulted in periods of detention and removals.[4] Nor can she, as this process involves a series of discretionary decisions based on a complicated set of facts. Indeed, an immigration

---

[4] Although Johnson identifies five ICE memoranda in her opening brief, none mandates a specific course of action, and none were in existence for any removals prior to May 2008. Also, all the memoranda were directed to ICE components rather than CBP or the INS. Additionally, all the directives prior to November 10, 2015, required an affirmative claim to U.S. citizenship.

officer's conduct during the investigation of immigration status, the conclusions drawn from that investigation, and the decision to remove an individual, are generally considered discretionary in nature. *See Arteaga-Ruiz v. United States*, 164 F. Supp 3d. 1198, 1203 (D. Idaho 2016), aff'd, 705 F. App'x 597 (9th Cir. 2017); *see also Alfrey v. United States*, 276 F.3d 557, 565-66 (9th Cir. 2002) ("[I]n the absence of mandatory directives governing how to perform investigations, the discretionary-function exception bar[s] the plaintiffs' claims relating to the negligent conduct of the investigation. That holding applies to any criminal or quasi-criminal investigation….") (footnote and internal citation omitted).

With respect to the second prong, INS, ICE, and CBP employees' decisions regarding how to investigate Johnson's immigration status and whether to issue a detainer and commence immigration proceedings are susceptible to public policy considerations. Indeed, such decision-making falls squarely within the executive branch's discretion. *See Gonzalez*, 814 F.3d at 1033. "[N]o one doubts that prosecutorial discretion is covered" under the discretionary function exception. *Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998)

(discretionary function exception applies to investigating agency's purported negligence). And particularly in the context of immigration, "ICE agents' discretionary conduct in investigating [Johnson's] immigration status, analyzing the information received, and in deciding whether to issue an NTA (formerly known as an OSC) charging [her] were susceptible to policy analysis. *See Arteaga-Ruiz*, 164 F. Supp. 3d at 1204. This would similarly apply to INS and later CBP employees' investigation into immigration status, detention, and removal at the border.

This Court previously affirmed the dismissal of analogous claims based on the discretionary function exception. *Arteaga-Ruiz*, 164 F. Supp. 3d at 1199, aff'd, 705 Fed. App'x at 598. In *Arteaga-Ruiz*, the plaintiff acquired citizenship through his mother's naturalization in 2001 and brought claims against the United States based on allegations that federal immigration agents negligently or wrongfully failed to discover that he was a U.S. citizen before he was removed in 2007. *Id.* Specifically, Arteaga-Ruiz brought claims of negligence, false imprisonment, and intentional infliction of emotional distress stemming from ICE's allegedly "negligent investigative activity concerning his

immigration status, which led to his week-long detention and removal from the United States to Mexico." *Arteaga-Ruiz*, 164 F. Supp. 3d at 1202-1203. Arteaga-Ruiz argued that the discretionary function exception did not apply because ICE has no statutory authority to arrest, detain or remove a U.S. citizen. *Id*. at 1203. While the court acknowledged that "'governmental conduct cannot be discretionary if it violates a legal mandate,' it found, of particular relevance, the burden shifting requirement that 'the government must first present clear, convincing, and unequivocal evidence of foreign birth,' before the burden 'shifts to the alien to show time, place, and manner of entry." *Id*. at 1203. Therefore, once "Arteaga-Ruiz admitted to being born in Mexico, the burden of persuasion shifted to him to prove the time, place and manner of his entry. *Id*. Arteaga-Ruiz's admissions provided the ICE agent with "reason to believe" that he was in the United States in violation of immigration laws, which provided the ICE agent with authority to arrest as prescribed by statute. *Id*. (citing 8 U.S.C. § 1357(a)(2)). And in affirming the dismissal of Arteaga-Ruiz's claims, this Court concluded that his arrest, detention, and deportation could not be separated from the agents' investigation and their reliance on his

admission of non-citizenship.[5] *Arteaga-Ruiz*, 705 Fed. App'x at 598.

Ultimately, and as this Court recognized under analogous circumstances, Johnson's challenge to the investigation of her immigration status, commencement of immigration proceedings, and resulting detention and removal implicates the type of judicial second-guessing the discretionary function exception is designed to prevent. *See Gonzalez*, 814 F.3d at 1027 ("This exception prevents judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."). Accordingly, Johnson's claims are independently barred

---

[5] In addition to circumstantial evidence of Johnson's admissions of alienage (e.g., multiple removal orders where she waived appeal, Form I-213s where there are no indications that she was claiming U.S. citizenship, criminal conviction records detailing her background), Johnson herself admitted on numerous occasions that she was a Mexican citizen. In a sworn statement dated December 18, 1997, Johnson stated that she was a citizen of Mexico, that her father was deceased, and that she did not know what his immigration status was. CR 44-2; SER 14, 35. In this same statement, she acknowledged that she had been a permanent resident for 34 ½ years before losing her status, that she did not have legal documents, and had voluntarily departed the day prior because she was not a U.S. citizen. *Id*. In another sworn statement in 2009, Johnson stated that she was not a U.S. citizen and that she was a Mexican citizen. CR 44-2; SER 14, 76. And again in 2010, Johnson attested that she is not a U.S. citizen. CR 44-2; SER 14, 85.

pursuant to the discretionary function exception to the FTCA's limited waiver of sovereign immunity.

## VIII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court affirm the district court's judgment in its favor.

Dated: September 5, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

  */s/ Christina Marquez*  
CHRISTINA MARQUEZ
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## STATEMENT OF RELATED CASES

Counsel for Appellee is not aware of any related cases pending in this Court.

Dated: September 5, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

_/s/ Christina Marquez_
AUSA CHRISTINA MARQUEZ
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States of America

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-55210

I am the attorney or self-represented party.

**This brief contains** | 4,630 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ⦿ complies with the word limit of Cir. R. 32-1.
- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*
    - ○ it is a joint brief submitted by separately represented parties;
    - ○ a party or parties are filing a single brief in response to multiple briefs; or
    - ○ a party or parties are filing a single brief in response to a longer joint brief.
- ○ complies with the length limit designated by court order dated [          ].
- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Christina Marquez | **Date** | Sep 5, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 08**     *Rev. 12/01/2018*